UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,           :

       v.                                                      :            13 Cr. 242 (SAS)

LUZ FIGUEROA,                                   :

            Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF HER MOTION TO SUPPRESS ALL
INCULPATORY STATEMENTS ALLEGED TO HAVE
BEEN MADE BY HER AT HER ARREST ON APRIL 3, 2013**

 

Walter Mack, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, N.Y. 10007
212-619-3730
*Attorney for Defendant Luz Figueroa*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,      :

    v.                             :   13 Cr. 242 (SAS)

LUZ FIGUEROA,                  :

        Defendant.             :

------------------------------x

## PRELIMINARY STATEMENT

All proffered statements by the government at defendant Luz Figueroa's arrest should be suppressed by Your Honor. They were not voluntary and were the result of her will being overborne because of her acute distress and the threat of her three under age ten children being immediately taken to a city agency, the threat of her teenage daughter's imminent arrest and the arresting law enforcement officers' overstatement of her potential incarceration and disregard of her repeated requests for her lawyer.

## ARGUMENT

The prosecution bears the burden of providing that a confession to law enforcement was made voluntarily and that the waiver of a defendant's Fifth Amendment privilege was made knowingly and without undue or unfair compulsion. Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997); United States v. Anderson, 929 F.2d 96, 98 (2d Cir. 1991).

Is the Court able to state with confidence that the confession is the product of an essentially free and unconstrained choice by its maker? Green v. Scully, 850 F.2d 894, 900 (2d Cir. 1988). A confession is not self-determined when brought about by circumstances that caused the defendant's will to be overborne at the time of the confession. Lynumn v. Illinois,

372 U.S. 528, 534 (1963) (statements of mother suppressed after she was told she would lose her children).

This determination is evaluated under a totality of the circumstances rule which seeks to determine whether the defendant's will was overborne by a promise of leniency or other factors in conjunction with each other. This analysis should include evaluation of the (1) characteristics of the accused, (2) the conditions of interrogation and (3) the conduct of the law enforcement officers. A single factor or combination of factors considered together may immediately lead to a conclusion that under the totality of the circumstances a defendant's will was overborne and the confession was not a free and voluntary act. <u>Green v. Scully</u>, supra.

## Analysis

### A) Characteristics Of The Accused

Ms. Luz Figueroa is a Criminal History I defendant with one 2006 outstanding misdemeanor detainer in the Bronx which we believe will be dismissed if we can ever get her into the Bronx to challenge it. We submit that her characteristics as a credible, honest human being yet unhardened by the criminal justice system, devoted to her children above all else and emotionally distraught by the chaos following the FBI's battering ram at approximately 6:10 a.m. on April 3, 2013 at Apartment 3G, 2500 Webb Avenue was evident for the Court to see during her testimony several weeks ago. Whereas many of her co-defendants would have been quick to halt all questions and answers immediately, to seek immediate legal advice and to treat skeptically from prior experience all claims of leniency or threats from law enforcement, her inexperience as an arrestee and her great vulnerabilities as a mother above all were skillfully exploited by law enforcement to overbear her will and deprive her of her Fifth Amendment Rights.

We submit that she accurately described before Your Honor her condition on that April 3rd and accurately portrayed how her resistance to making admissions was overcome by

threatening her with life imprisonment, permanent loss of Madison, RJ and Kennedy, a state criminal arrest of Davasia Diaz, 19, and the hope that by cooperating and making statements against herself, she would obtain leniency from the "government." A more vulnerable arrestee would be hard to imagine.

### B) The Conditions Of The Interrogation

Luz Figueroa's interrogation was far removed from those conditions likely to produce a reliable, accurate, voluntarily chosen and unconstrained statement of a defendant that could be fairly introduced against her at any trial. As the Court is aware from the hearing, Ms. Figueroa's apartment was small and in chaos (10/3/13, p. 138, Det. Carbonell). She could not even stand erect at first, was crying most of the time and her mental state inconsistent with conditions supporting a waiver of her Fifth Amendment privileges. These conditions should have resulted almost immediately in law enforcement recognition that this defendant was in no state to waive her Miranda Rights, that further pressing her concerning her children, both teenage and otherwise, could only result in subsequent judicial oversight, and, that the best way to secure usable admissions against her would be the presence of experienced criminal defense counsel who likely would readily have concluded that she was the girlfriend victim of a significant violator and that her best course of action perhaps even at 9:00 a.m. on April 3, 2013 at 26 Federal Plaza was to give a detailed statement in the presence of counsel to Special Agents Marayag and Riveros.

### C) The Conduct Of The Law Enforcement Officers

It is not my purpose to criticize well-meaning, hard working law enforcement officers trying to do their jobs under difficult circumstances. The defense's position, to put it plainly, is that a fair evaluation of the testimony of Ms. Figueroa versus the testimony of the law enforcement officers should result in findings in favor of the defendant.

1) There is no way that GX1, the advice of rights form, was signed by the defendant at 6:18 a.m. on April 3, 2013. The two FBI agents contradict each other and themselves in their statements to the Assistant United States Attorneys during preparation as shown in the 3500 materials. Ms. Figueroa testified that she did not receive rights at the beginning of the multi-agent incursion into her apartment, because she was collapsed in the hallway or rearcuffed in the kitchen. Even if Agent Marayag attempted orally to warn her under Miranda, the defendant was in no condition to comprehend their meaning much less act rationally in reliance on them. Agent Marayag admits that GX1 could have been signed at 26 Federal Plaza. (Tr. pp. 102-3). Agent Kum is not sure where it was signed on September 27, 2013 (3505-A), says it is signed in the car (3505-C) on October 1, and testifies that it could be either at the apartment or the car on October 3rd. (Tr. pp. 159-60, 170-73). Agent Kum posits an early visit to Agent Marayag's car for a possible GX1 signing that no other witness including the defendant talks about. (Tr. 158-59, 174-180).

2) The FBI agents contradict themselves on timing, demeanor of participants, description of defendant Figueroa's expressed concerns, the contents of Agent Marayag's 'spiel', whether Murray Richman's name was mentioned or simply that a 'lawyer' should be called, as well as the conduct of Detective Carbonell at the arrest location. Even Agent Marayag admits that events may have gotten away from her (Tr. 127-28).

3) The defense submits that no law enforcement officer who testifies about what was actually said to the defendant disputes that Ms. Figueroa was threatened with life imprisonment, the immediate if not permanent loss of her children, the arrest of her teenage daughter or that she asked for a lawyer or 'Murray Richman' while the interrogation continued,

or that no one took the time and effort to secure the actual words of the defendant.[1]

    4) Finally true insight into the conditions at 3G and the conduct of law enforcement can be gathered quite efficiently from the testimony of Bronx Narcotics Detective Rolando Carbonell. He arrives at around 7:00 a.m. with two additional officers, chaos is all over the place (p. 138), things are a little crazy when speaking to Davasia Diaz (p. 140), he could have warned her of imminent arrest (p. 141), did probably tell weeping defendant Figueroa that her daughter could be arrested (P. 143), did not give rights nor do any paperwork (pp. 144-46), and admitted that he could have said Ms. Figueroa's daughter would get a break if the defendant cooperated by helping law enforcement arrest Ms. Kat Soriano (pp. 140-41). Detective Carbonell's testimony alone should be sufficient to shake confidence in the admissibility of the defendant's statements and corroborates materially the testimony of the defendant presented to the Court on October 4th.

---

[1] Agent Marayag heard 'Murray Richman,' Agent Kum heard 'attorney,' or does not recall whether she heard 'Murray Richman' or not. (Tr. 187-88). The defense submits that the cross at Tr.187-88 should have elicited an acknowledgment by Agent Kum that she knew who Murray Richman was and would have remembered if the name had been mentioned or that she still could not recall. However, she was not asked directly whether she knew whom Mr. Richman was and perhaps she was coached or concluded on her own behalf not to volunteer anything no matter how reasonable she do so. In any event, especially given the dispute as to the time and place when full intelligible Miranda rights were given, any ambiguity on the subject should have been resolved in favor of Ms. Figueroa. United States v. Gotay, 844 F.2d 971 (2d Cir. 1988).

**CONCLUSION**

For all of the foregoing reasons, defendant Luz Figueroa asks the Court to suppress all statements made by her post arrest and such further relief as the Court may deem just and fair.

Dated: New York, New York
October 22, 2013

Respectfully submitted,

_____
Walter Mack (WM:2586)
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
212-619-3730
*Attorneys for Defendant Luz Figueroa*

To:   AUSA Jessica Ortiz
      AUSA Ryan Poscablo
      AUSA Jared Lenow
      (via ECF filing and e-mail)