

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 19, 2015

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Luz Figueroa*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on January 22, 2015, at 4:30 p.m.  For the reasons explained below, the Government respectfully submits that a Guidelines sentence of 37 to 46 months' imprisonment should be imposed at sentencing.

**Background**

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight.  Within these broad categories, the Government also considered a

defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

A table listing the sentences imposed on defendants to date is included below:

| Defendant | Sentence (months) | Guidelines Range (months) | Criminal History | Role |
|---|---|---|---|---|
| Edward Medrano | 75 | 151-188 (Career Offender) | VI | Street seller |
| Jonathan Mirabal | 65 | 70-87 (man. min.) | V | Street seller/stored drugs |
| Andre Cunningham | 63 | 70-87 (man. min.) | IV | Manager/stored drugs/street seller/possessed gun |
| Damon Grooms | 60 | 60-71 (man. min.) | III | Manager/stored drugs/street seller/possessed gun |
| Jose Aviles | 60 | 151-188 (Career Offender) | VI | Street seller/manager/stored drugs |
| Michael McDuffie | 42 | 57-71 | IV | Street seller |
| Jason Lewis | 36 | 63-78 | VI | Street seller |
| Robert Torres | 32 | 57-71 | IV | Street seller |
| Christian Fabre | 30 | 41-51 | II | Manager/stored drugs |
| Noel Feliciano | 30 | 41-51 | II | Street seller/manager |
| Robert Henderson | 27 | 46-57 | III | Higher-level street seller/manager |
| Darnell Hopkins | 27 | 46-57 | III | Street seller |
| Luis Guzman | 24 | 37-46 | I | Higher-level street seller |
| Zoa Briggs | 24 | 37-46 | III | Street seller |
| Jelfrey Gutierrez | 24 | 30-37 | I | Manager/street seller |
| Max Jordan | 21 | 37-46 | I | Street seller |
| Katherine Soriano | 12 | 24-30 | I | Delivered drugs and guns |

## The Court Should Impose a Sentence of 37 to 46 Months' Imprisonment

Pursuant to the defendant's plea agreement, the defendant's Guidelines offense level is 23. However, in light of the two-level decrease in base offense levels in the drug quantity table set out in Section 2D1.1(c) under the November 1, 2014 version of the Guidelines manual, the

2

Government agrees that the defendant should be sentenced at an offense level of 21. The defendant has no criminal history points, placing her in Criminal History Category I. Consequently, the defendant's Guidelines range is 37 to 46 months' imprisonment.

The defendant, Luz Figueroa, delivered guns and large quantities of heroin for Mark Allie, one of the leaders of the Briggs Avenue Organization. Specifically, in the course of approximately six deliveries in February and March 2013, the defendant delivered approximately 500 grams of heroin and two firearms (including an Uzi 9 mm machine gun and a shotgun) to undercover law enforcement officers. The defendant also permitted Allie to store narcotics in her apartment, and assisted Allie in bagging heroin into glassine envelopes. In the structure of the Organization, the Government places her in the bottom tier of defendants. The co-defendant most analogous to Figueroa is Katherine Soriano, who was 27 at the time of the offense (while Figueroa was 41), had a relationship with Allie primarily through Figueroa, and was involved in only four of the six deliveries in which Figueroa participated. The Court sentenced Soriano to one year and one day of imprisonment.

The Government acknowledges that there are mitigating facts as to this defendant, including her limited role in the conspiracy and her personal and family hardships, which are discussed in the PSR and defendant's sentencing submission. The Government does not dispute that it is appropriate for the Court to consider these facts in fashioning a sentence under 18 U.S.C. § 3553(a). However, the Government would note that the defendant was extended a very lenient plea offer in this case; while she was charged with offenses which would lead to a mandatory minimum 15-year sentence upon conviction, she was permitted to plead to a non-mandatory-minimum drug conspiracy charge. Further, the parties stipulated to a drug weight of 80 to 100 grams of heroin for the purposes of determining the defendant's offense level, despite the fact that the defendant was involved in delivering approximately 500 grams of heroin, and the Briggs Avenue Organization as a whole distributed far more.

In light of the substantial amount of heroin personally delivered by the defendant, and the fact that she personally delivered two firearms (including an Uzi) for a drug trafficking organization, the Government respectfully submits that a sentence of 37 to 46 months' imprisonment is an appropriate sentence in this case, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Jared Lenow
Assistant United States Attorney
(212) 637-1068

cc: Walter Mack, Esq. (by email)